# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2530 | **DATE** | 11/7/2011 |
| **CASE TITLE** | Naty Trujillo vs. Borg-Warner Transmission Systems, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "Defendant's Motion for Summary Judgment" [25] is granted and judgment is entered in favor of defendant Borg-Warner Transmission Systems, Inc. on plaintiff Naty Trujillo's ADEA claim. This case is dismissed in its entirety. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In her Complaint, filed April 14, 2011, plaintiff Naty Trujillo ("Trujillo") alleged one count of unlawful discrimination on the basis of age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, against her former employer, Borg-Warner Transmission Systems, Inc. ("Borg-Warner"). (Dkt. No. 1 ("Compl.") 1.) On August 30, 2011, Borg-Warner filed its motion for summary judgment. (Dkt. No. 25 ("Motion").)

To assist the court in its summary judgment determination, Local Rule 56.1 requires the moving party to file "a statement of material facts as to which the moving party contends there is no genuine issue" and which support the moving party's assertion that it is entitled to summary judgment. N.D. Ill. Local R. 56.1(a)(3); *Smith v. Lamz*, 321 F.3d 680, 682 (7th Cir. 2003). Borg-Warner filed its Rule 56.1 statement of material facts on August 30, 2011. (Dkt. No. 28 ("SMF").) According to the briefing schedule set by the court on August 11, 2011, Trujillo was to file her response by September 20, 2011. (Dkt. No. 23.) However, Trujillo's attorney never filed a response to Borg-Warner's motion or to its statement of material facts. Borg-Warner filed "Defendant's Reply Brief in Support of its Fed. R. Civ. P. 56 Motion for Summary Judgment" on October 4, 2011. (Dkt. No. 30 ("Reply").)

Pursuant to Local Rule 56.1(b)(3)(C), "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. Local R. 56.1(b)(3)(C). Because Trujillo never responded to Borg-Warner's Rule 56.1 statement, all material facts set forth in that statement are deemed admitted as set forth below.

Trujillo was employed by Borg-Warner from September 7, 1976 until August 14, 2008. (Compl. ¶ 4.) On June 17, 2008, Trujillo filed a charge with the Illinois Department of Human Rights ("IDHR") claiming age and disability discrimination. (SMF ¶ 5.) Trujillo voluntarily dismissed her discrimination charge seven months later, on January 30, 2009. (SMF ¶¶ 5-8.) On February 5, 2009, the IDHR issued an Order of Closure approving Trujillo's withdrawal of her age and disability discrimination charge and closing that

charge. (SMF ¶ 7; see also Dkt. No. 27-1, Ray. Dec. Ex. 3 ("Order of Closure").) The Order of Closure was sent to Trujillo that same day. (SMF ¶ 8.) The IDHR's Order of Closure stated that, "this action also terminates the Equal Employment Opportunity Commission's (EEOC's) processing of this charge." (SMF ¶ 7.)

On January 29, 2009, Trujillo filed a separate charge with the IDHR alleging that she was discharged from Borg-Warner on August 14, 2008 in retaliation for filing her initial charge of discrimination. (SMF ¶ 9.) The IDHR investigated Trujillo's retaliation charge and issued a finding of lack of substantial evidence on December 9, 2009. (SMF ¶¶ 10-11.) The IDHR's investigation report for Trujillo's retaliation claim did not discuss any investigation of age discrimination. (SMF ¶ 11.) The EEOC issued a Right to Sue letter on the retaliation charge on January 14, 2011. (SMF ¶ 12.)

Borg-Warner argues that Trujillo's age discrimination claim is untimely as a matter of law, because Trujillo failed to file a complaint within 90 days upon receiving the Order of Closure from the IDHR on February 5, 2009. (Dkt. No. 26 ("Mem. in Support") at 4.) Borg-Warner further argues that Trujillo's age discrimination claim is outside the scope of her retaliation charge. (*Id.* at 5-7.)

In its reply brief, Borg-Warner argues that Trujillo "conceded the merits of defendant's motion" because she failed to respond to its motion for summary judgment. (Reply at 2.) Accordingly, Borg-Warner argues, the court should grant its motion. (*Id.*) Although Trujillo's failure to respond results in the admission of all of the facts from Borg-Warner's Rule 56.1 statement, *see* N.D. Ill. Local R. 56.1(b)(3)(C), it does not automatically entitle Borg-Warner to judgment as a matter of law. Federal Rule of Civil Procedure 56 provides that, if the party opposing summary judgment does not "set out specific facts showing a genuine issue for trial . . . summary judgment should, *if appropriate*, be entered against the party." Fed. R. Civ. P. 56(e) (emphasis added). Thus, "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not . . . automatically result in judgment for the movant." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (citations omitted). Instead, the burden of persuasion still remains with the movant. *Id.* Further, the court still must draw all reasonable inferences from the uncontested facts in favor of the non-moving party. *See Abdullah v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

To state a claim under the ADEA, a plaintiff must file a charge with the EEOC, at the latest, within 300 days after the alleged unlawful conduct occurred. 29 U.S.C. § 626(d)(1). The ADEA further prohibits the plaintiff from filing a private action in the courts until at least 60 days after filing his or her charge with the EEOC. 29 U.S.C. § 626(d)(1). Here, Trujillo filed her initial age discrimination charge with the EEOC within 300 days of the alleged misconduct, and her charge remained pending before the EEOC for 227 days.

If the EEOC notifies the complainant that it has dismissed her charge, the complainant then has 90 days after receipt of such notice in which to file a civil action. 29 U.S.C. § 626(e). However, in order to trigger this 90-day statutory period of limitation, the commission must give the complainant proper notice of her right to sue. *DeTata v. Rollprint Packaging Products, Inc.*, 632 F.3d 962, 967 (7th Cir. 2011) (analyzing equivalent limitations period under Title VII).

In this case, the IDHR's February 5, 2009 Order of Closure did not give Trujillo proper notice of her right to sue on her discrimination charge. Regarding the propriety of notice, "[t]he statute does not specify what form the notice must take or what information must be included." *Id.* However, in *DeTata*, the Seventh Circuit noted that, under the EEOC's own regulations, proper notice requires "(1) [a]uthorization to the aggrieved person to bring civil action under title VII … within 90 days from receipt of such authorization; (2) [a]dvice concerning the institution of such civil action by the person claiming to be aggrieved, where

appropriate; (3) [a] copy of the charge; [and] (4) [t]he Commission's decision, determination, or dismissal, as appropriate." *Id.* at 969 (quoting 29 C.F.R. § 1601.28(e)). The Seventh Circuit explicitly stated that "[n]otice is inadequate when the EEOC fails to inform the claimant of the time within which suit must be filed." *Id.* at 970. The Order of Closure did not inform Trujillo of the time within which to file suit, and for that reason it was inadequate notice. Therefore, Trujillo was not required to file an age discrimination claim within 90 days of receiving the Order of Closure.

However, this holding raises another issue of timeliness that was not addressed by either party. Trujillo voluntarily withdrew her age discrimination charge and did not file her claim in this court until April 14, 2011, which was 973 days after she was terminated from Borg-Warner on August 14, 2008. Thus, the court must determine whether the ADEA permits a complainant unlimited time to file a claim in federal court as long as she timely filed her initial charge with the EEOC and the charge remained pending for more than 60 days before being withdrawn. The court holds that it does not.

This issue has not yet come before the Seventh Circuit, but the court has found persuasive authority through its own research. Compliance with the 60-day requirement "does not insulate a federal suit from dismissal as untimely, but 'there is no clear statutory answer as to what time period governs [plaintiff's] bringing of suit or when that time period starts.'" *McPherson v. New York City Dept. of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006) (quoting *Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 168 (2d Cir. 1998)). At least one court has permitted a plaintiff who withdrew an ADEA charge that had been pending before the EEOC for at least 60 days to file a claim in federal court within 90 days from the date of dismissal by the EEOC. *See Blistein v. St. John's College*, 860 F. Supp. 256, at App'x 271 (D. Md. 1994) (April 21, 1994 Mem. & Order). Likewise, in *Hodge*, the Second Circuit found that the plaintiff's claim was timely where it was filed within 90 days of the last day of the plaintiff's employment. *Hodge*, 157 F.3d at 169. In *Ingram v. Dallas County, Tex.*, the court concluded that the plaintiff's claim was timely because it was filed within the ADEA's statute of limitations period for filing an administrative charge—which was then two years. *Ingram*, 688 F. Supp. 1146, 1158 (N.D. Tex. 1988) (citing 29 U.S.C. § 626(e)). Here, the court need not determine whether a plaintiff is limited to either a 90-day or 300-day time period to file a claim after withdrawing an EEOC charge, nor must the court determine whether such period should be measured from the date the plaintiff withdrew her administrative charge, the date the EEOC dismissed the charge, or the date of the defendant's last allegedly discriminatory action. Trujillo did not file her claim until April 14, 2011, which was 804 days after she voluntarily withdrew her age discrimination charge, 798 days after the EEOC dismissed her charge, and 973 days after she was terminated. No matter which statutory time period is employed by the court, Trujillo's age discrimination claim is time-barred by any measure.

Finally, the court finds that Trujillo's age discrimination claim is not reasonably related to the retaliation charge that she filed on January 29, 2009. A plaintiff cannot file claims that were not included in her administrative charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 499 (7th Cir. 1994). Although a plaintiff is not required to allege in an EEOC charge each and every fact that forms the basis of her claim, the claim set forth in a complaint must be "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). The reason for this rule is to prevent plaintiffs from circumventing "the EEOC's investigatory and conciliatory role, as well as depriv[ing] the charged party of notice of the charge. . . ." *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996).

Trujillo has not presented any legal argument to support a position that her age discrimination claim is reasonably related to the retaliation charge, and the court is not in a position to make such an argument on her behalf. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("'It is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by

counsel.'"). Generally, the Seventh Circuit has held that "retaliation and discrimination claims are sufficiently dissimilar that an administrative charge of one fails to support a subsequent civil suit for the other." *Id.* Here, Trujillo's retaliation claim merely alleged that Borg-Warner discharged her in retaliation for engaging in the protected activity of initially filing an age discrimination claim. (SMF ¶ 9; see also Dkt. No. 27-1, Ray. Dec. Ex. 2 ("Retaliation Charge").) This allegation only caused the IDHR to investigate whether Borg-Warner's conduct was retaliatory. (SMF ¶¶ 10-11.) The IDHR did not investigate whether Borg-Warner engaged in age discrimination. Therefore, the court finds that Trujillo's age discrimination claim in her complaint is not like or reasonably related to her retaliation charge and is time-barred as a matter of law. Borg-Warner's motion for summary judgment is granted.

*James F. Holderman*

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|